JUDGE BAER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CV 654**

-------------------------------------------------------------x   Index No.

JOHANNES B. KALVAITIS,

                Plaintiff,

COMPLAINT

-against-

COHEN & SLAMOWITZ, LLP and COLORADO
CAPITAL INVESTMENTS, INC.

                Defendants.
-------------------------------------------------------------x



RECEIVED JAN 26 2007 U.S.D.C. S.D. N.Y. CASHIERS

## INTRODUCTION

1.    This is an action for actual and statutory damages brought by the plaintiff JOHANNES KALVAITIS, an individual consumer, against defendants COHEN & SLAMOWITZ, LLP ("Defendant" or "COHEN & SLAMOWITZ") and COLORADO CAPITAL INVESTMENTS, INC. ("Defendant" or "COLORADO CAPITAL") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Defendants violated the Act by knowingly bringing a legal action against the plaintiff in an improper judicial district and failing to provide the plaintiff with notice of that lawsuit. Despite knowledge of its unlawful activities,

defendants continued to take advantage of their illegal conduct by obtaining a default judgment against plaintiff and placing a lien on the plaintiff's bank account.

## JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.  Venue in this district is proper because the defendants regularly conduct business here.

## PARTIES

3.  Plaintiff JOHANNES KALVAITIS is a natural person residing at 1617 Fannin St., Apt. 3015, Houston, TX 77002.

4.  Defendant COHEN & SLAMOWITZ, LLP is a New York corporation engaged in the business of collecting debts in this state with its principal place of business located in Woodbury, New York.  Defendant regularly attempts to collect debts allegedly due to another, and is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

5.  Defendant COLORADO CAPITAL INVESTMENTS, INC. is a Texas corporation engaged in the business of collecting debts in this state with its principal place of business located in Hurst, Texas.  Defendant regularly attempts to collect debts allegedly due to another, and is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

///

///

## FACTUAL ALLEGATIONS

6. On or around August 5, 2005 defendant law firm COHEN & SLAMOWITZ, acting on behalf of debt collection firm COLORADO CAPITAL, began to attempt to collect an alleged consumer debt from the plaintiff by pulling a copy of his Experian Credit Report. That report indicated that the plaintiff resided in Texas and provided his Texas address.

7. After reviewing the plaintiff's credit report, the defendant COHEN & SLAMOWITZ proceeded to file suit against the plaintiff on behalf of COLORADO CAPITAL for an alleged consumer debt in the Civil Court of the City of While Plains in the County of Westchester, New York.

8. Despite it's knowledge of the plaintiff's Texas residency, defendants purportedly attempted to serve plaintiff with notice of the lawsuit at his old address in New York which defendants knew was no longer valid. Defendants never attempted to serve the plaintiff at his current residence in Texas, and the plaintiff did not get actual notice of the lawsuit until his bank account was restrained.

9. After falsely informing the White Plains Civil Court that Mr. Kalvaitis had been served with a copy of the lawsuit, defendants obtained a default judgment against Mr. Kalvaitis in the amount of $6,011.08 on January 27, 2006.

10. On February 16, 2006 defendants obtained a restraining order against the plaintiff's bank account with Washington Mutual Bank.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

11.  The plaintiff hereby realleges in incorporates by reference each of the above allegations.

12.  The plaintiff is a "consumer" as that term is used in 15 U.S.C. § 1692a(3).

13.  Defendants are both "debt collectors" within the meaning of 15 U.S.C. § 1692a(6).

14.  The alleged debt underlying the plaintiff's complaint is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

15.  Defendants violated 15 U.S.C. §§ 1692e and e(10) by falsely informing the White Plains Civil Court that the plaintiff was properly served with notice of the lawsuit when in fact it knew or had reason to know that the plaintiff had never received any legal or actual notice of the lawsuit.

16.  Defendants violated 15 U.S.C. § 1692i(a)(2) by bringing and continuing to maintain a legal action against the plaintiff in an improper judicial district.

17.  Defendants violated 15 U.S.C. §§ 1692f and 1692f(1) by restraining the plaintiff's Washington Mutual bank account when it knew that it had sued the plaintiff in an improper judicial district and had failed to provide the plaintiff with actual or legal notice of that lawsuit.

18. The plaintiff is entitled to an award of actual and statutory damages for the defendant's unlawful conduct, in addition to an award of costs and attorney's fees, pursuant to 15 U.S.C. § 1692k.

**WHEREFORE**, the plaintiff respectfully requests that judgment be entered as follows:

A. Awarding the plaintiff actual damages pursuant to 15 USC § 1692k(a)(1).

B. Awarding the plaintiff statutory damages pursuant to 15 USC § 1692k(a)(2)(A).

C. Awarding the plaintiff attorney's fees and costs pursuant to 15 USC § 1692k(a)(3).

D. Granting such other and further relief as the Court deems just.

### DEMAND FOR JURY TRIAL

Please take notice that the plaintiff Johannes Kalvaitis demands trial by jury in this action.

Dated: January 26, 2006
New York, NY

Kevin C. Mallon (kcm 4798)
Fishman & Neil, LLP
305 Broadway, Suite 900
New York, NY 10007
(212) 822-1474
Attorneys for Plaintiff